**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt.loker@loker.law
Shelby J. Radecki, Esq. (355303)
shelby.radecki@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 623-0633

*Attorneys for Plaintiff,*
Amber Medina

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER MEDINA,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC; CREDENCE RESOURCE MANAGEMENT, LLC; AND I.C. SYSTEM, INC.,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I. **CALIFORNIA IDENTITY THEFT ACT;**<br><br>II. **FAIR DEBT COLLECTION PRACTICES ACT; AND,**<br><br>III. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. In enacting California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. AMBER MEDINA ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of DIRECTV, LLC ("DirecTV"); CREDENCE RESOURCE MANAGEMENT, LLC ("CRM"); and, I.C. SYSTEM, INC. ("ICS"), with regard to attempts to unlawfully and abusively collect an invalid debt from Plaintiff and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) the California Identity Theft Act, Cal. Civ. Code § 1798.92, et seq. ("CITA"); (ii) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); and, (iii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA").

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Santa Barbara County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

# PARTIES

13. Plaintiff is a natural person who resides in Santa Maria, California, from whom Defendants sought to collect a debt which was alleged to be due and owing from Plaintiff.

14. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

15. DirecTV is a satellite television company operating from the State of California.

16. CRM is a debt collection company operating from the State of Dallas.

17. ICS is also a debt collection company operating from the State of Minnesota.

18. Plaintiff is informed and believes, and thereon alleges, that CRM and ICS, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" and are therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

19. Defendants are each also "claimants" as that term is defined by California Civil Code § 1798.92(a).

# FACTUAL ALLEGATIONS

20. At all times relevant, Plaintiff is an individual residing within the State of California.

21. In early May of 2025, Plaintiff received a letter from her mother that had been sent to her parent's address. The letter was a debt collection letter from CRM dated April 14, 2025. The letter listed Plaintiff's full name but listed her address as her parent's address. At this point, Plaintiff had not lived at this address in over 20 years.

22. Upon further inspection, Plaintiff discovered that the debt collection letter from CRM referenced a debt owed to DirecTV for Account Number: 323859746 in the amount of $611.83.

23. Plaintiff had not opened this DirecTV account and did not authorize anyone else to open the DirecTV account in her name.

24. Recognizing that she was the victim of identity theft, Plaintiff immediately called DirecTV to dispute the fraudulent account.

25. While on the phone with DirecTV, Plaintiff was instructed to ask her parent's if they had opened an account in Plaintiff's name. Not only had Plaintiff's parents not opened a DirecTV account in her name, but they also had their own DirecTV account registered to the same address with a different account number.

26. Plaintiff also called CRM directly to dispute the fraudulent account.

27. Plaintiff also followed CRM's dispute instructions by mailing the bottom portion of CRM's letter back to them disputing the fraudulent account by ticking the box for "This is not my debt."

28. Shortly thereafter, Plaintiff also contacted the Credit Bureaus to freeze and put fraud alerts on her accounts.

29. Shortly thereafter, feeling as though she had not been taken seriously on the phone with DirecTV or CRM, Plaintiff also filed an online dispute with DirecTV – Claim Number 250513-000453. Plaintiff received confirmation that DirecTV received her online dispute on May 13, 2025.

30. On May 15, 2025, Plaintiff received an email from CRM that contained a letter dated May 16, 2025, from CRM with instructions on how to submit an online dispute through DirecTV. At this point, Plaintiff had already submitted an online dispute with DirecTV that DirecTV confirmed receipt of on May 13, 2025.

31. On May 16, 2025, Plaintiff filed an online report with the Santa Barbara County Sheriff – Report Number 250800447.

32. Plaintiff did not hear back or receive any other written notices from DirecTV or CRM regarding her disputes.
33. Plaintiff continued to monitor her credit reports, and the fraudulent account did not appear on her credit reports.
34. As months passed, Plaintiff assumed that DirecTV and CRM had resolved the issue on her behalf.
35. On January 12, 2026, Plaintiff was shocked to receive mail at her current address from ICS stating that ICS was now responsible for collecting the same debt associated with the DirecTV for Account Number: 323859746 in the amount of $611.83.
36. This was extremely alarming to Plaintiff, and she immediately called DirecTV and ICS to dispute the fraudulent account.
37. On January 22, 2026, Plaintiff submitted an Identity Theft Report to the Federal Trade Commission.
38. Also on January 22, 2026, Plaintiff again contacted the Credit Bureaus to put fraud alerts on her accounts.
39. As of the date of this filing, DirecTV; CRM; and, ICS continue to maintain an interest in the fraudulent debt.
40. Plaintiff contends that it was unreasonable for Defendants to not contact Plaintiff for further information if needed; and to not contact third parties which could have substantiated Plaintiff's disputes.
41. Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.
42. Defendants' conduct has caused Plaintiff emotional distress.
43. Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

44. DirecTV, CRM, and ICS, continued to contact Plaintiff regarding the fraudulent debts, despite Plaintiff's correspondence stating the debt was the product of identity theft.

45. Throughout this conduct, DirecTV, CRM, and ICS violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, DirecTV, CRM, and ICS violated Cal. Civ. Code § 1788.17.

46. Through this conduct, DirecTV, CRM, and ICS violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, DirecTV, CRM, and ICS violated Cal. Civ. Code § 1788.17.

47. Through this conduct, DirecTV, CRM, and ICS violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, DirecTV, CRM, and ICS violated Cal. Civ. Code § 1788.17.

48. Through this conduct, DirecTV, CRM, and ICS violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, DirecTV, CRM, and ICS violated Cal. Civ. Code § 1788.17.

49. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

50. Throughout this ordeal, Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because these large debts mischaracterize Plaintiff as someone that financially overextends herself.

51. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

52. Plaintiff is not able to calculate the total pecuniary loss at this time but will utilize the services of an economist.

53. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

54. Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## COUNT I

## VIOLATION OF CALIFORNIA'S IDENTITY THEFT ACT

## CAL. CIV. CODE §§ 1798.92-1798.97 (CITA)

## [AGAINST ALL DEFENDANTS]

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions constitute numerous and multiple violations of CITA.

57. As a result of each and every violation of CITA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692-1692(P) (FDCPA)
## [AGAINST CRM AND ICS]

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

60. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from CRM and ICS.

## COUNT III
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)
## [AGAINST ALL DEFENDANTS]

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

62. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

63. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- Attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5);
- Any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5);
- An injunction preliminarily and permanently enjoining each Defendant from engaging in the unlawful debt collection practices stated herein;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Punitive damages under Cal. Civ. Code § 3294;
- Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

64. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 6, 2026               Respectfully submitted,

**LOKER LAW, APC**

By: /s/ Shelby J. Radecki
SHELBY J. RADECKI, ESQ.
ATTORNEY FOR PLAINTIFF